IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD SPENCE,

      Plaintiff,                        No. CIV S-06-0278 DFL DAD P

    vs.

LIEUTENANT D. DAVEY, et al.,

      Defendants.                FINDINGS AND RECOMMENDATIONS

/

        On September 25, 2006, defendants filed a motion to dismiss pursuant to non-enumerated Rule 12(b) and, as to defendant Abamonga, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although the motion was properly served on plaintiff at his current address of record, plaintiff has not opposed the motion or filed a statement of non-opposition.

        The Local Rules of Practice provide that "[f]ailure of the responding party to file opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion." Local Rule 78-230(m). By the order filed in this action on May 30, 2006, plaintiff was advised that all motions to dismiss and all motions pursuant to Rule 12 of the Federal Rules of Civil Procedure must be briefed pursuant to Local Rule 78-230(m). (Order filed May 30, 2006, at 3.) By the same order, the pro se plaintiff was provided with detailed information concerning the requirements for opposing a motion to dismiss for failure to exhaust

1

administrative remedies made by defendants pursuant to non-enumerated Rule 12(b). (Id. at 3-4.) Plaintiff was cautioned that if he does not serve and file a written opposition to such a motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. (Id. at 4.)

On July 26, 2006, plaintiff notified the court of his release from confinement. Since that date, plaintiff has been served with (1) defendants' request for extension of time filed August 7, 2006; (2) the court's August 14, 2006 order #18 granting defendants' request; (3) the court's August 14, 2006 order #19 denying the requests for extension of time or for a stay filed by plaintiff while he was confined in a county jail prior to his release; and (4) defendants' motion to dismiss. Plaintiff has filed no document in this action since July 26, 2006, despite the requirements of Local Rule 78-230(m) and the court's May 30, 2006 order. Under these circumstances, plaintiff's failure to oppose defendants' motion should be deemed a waiver of opposition to the granting of the motion.

In their motion, defendants contend that this action should be dismissed because plaintiff failed to exhaust available administrative remedies with respect to Claims One and Three of his four state law claims and Claims One, Two, and Five of his seven federal claims. Defendants also contend that Claim Six of the federal claims should be dismissed because the complaint fails to state a cause of action against defendant Abamonga. The court has reviewed defendants' motion and finds that, in the absence of any evidence or argument to the contrary, six of plaintiff's eleven claims should be dismissed.[1]

/////

---

[1] Defendants do not contend that plaintiff failed to exhaust his state law claims of retaliatory cell search (Claim Two) and excessive force during a cell extraction (Claim Four) or his federal claims of cruel and unusual punishment during a cell extraction (Claim Three), excessive force during a cell extraction (Claim Four), and indifference to the risk of harm from a cell extraction (Claim Seven). The proper remedy is dismissal of the unexhausted claims. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (if the court concludes that the prisoner has not exhausted administrative remedies on any claim, "the proper remedy is dismissal of the claim without prejudice").

The undersigned finds that plaintiff has failed to comply with the court's May 30, 2006 order, has failed to comply with Local Rule 78-230(m), and has failed to prosecute this action. Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." The factors to be weighed in determining whether to dismiss for failure to obey court orders are identical to the factors to be considered when deciding whether to dismiss for lack of prosecution. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Those factors are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. See Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. See Ferdik, 963 F.2d at 1260.

The public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the sanction of dismissal of this case for failure to obey a court order, failure to comply with Local Rule 78-230(m), and failure to prosecute. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's complete lack of prosecution since July 26, 2006, together with his failure to comply with Local Rule 78-230(m) and the court's May 30, 2006 order, justifies a recommendation of dismissal. No lesser sanction would serve any purpose. Accordingly, defendants' motion should be granted as to six of plaintiff's claims, and all remaining claims should be dismissed pursuant to Local Rule 11-110 as a sanction for failure to prosecute this action, failure to obey a court order, and failure to comply with Local Rule 78-230(m).

Plaintiff is reminded that unincarcerated litigants are required to file documents on or before the date on which the document is due.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' September 25, 2006 motion to dismiss certain claims be granted;

2. Plaintiff's state law Claims One and Three and federal Claims One, Two, and Five be dismissed without prejudice for failure to exhaust available administrative remedies before filing suit;

3. Plaintiff's federal Claim Six be dismissed for failure to state a cause of action against defendant Abamonga; and

4. Plaintiff's remaining claims be dismissed without prejudice pursuant to Local Rule 11-110 as a sanction for failure to prosecute this action, failure to obey a court order, and failure to comply with Local Rule 78-230(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 12, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
spen0278.46d